IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    No. 02-20422-Ma

PERDITA NEELY,

    Defendant.

---

ORDER DENYING IRREGULAR CRIMINAL MOTION

---

        On October 31, 2005, the clerk docketed a letter from defendant Perdita Neely, Bureau of Prisons ("BOP") inmate number 18624-076, an inmate at the Federal Prison Camp in Alderson, West Virginia, concerning the payment of restitution.

        On November 12, 2002, a federal grand jury returned a two-count indictment charging Neely with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and with using and carrying a firearm during and in relation to the bank robbery, in violation of 18 U.S.C. § 924(c). On January 30, 2003, pursuant to a written plea agreement, Neely appeared before this judge to enter a guilty plea to the bank robbery count of the indictment. The Court conducted a sentencing hearing on June 6, 2003, at which time Neely was sentenced to fifty-seven (57) months imprisonment, to be followed by a three-year period of supervised release. The Court also imposed restitution in the amount of $2400 and a $100 special

assessment. The judgment did not incorporate a payment schedule. Judgment was entered on June 17, 2003. Neely did not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255.

In her letter, which was docketed as a criminal motion, Neely states that, although she understood that payment of restitution would commence upon her release from prison, the BOP, pursuant to its Inmate Financial Responsibility Program ("IFRP"), 28 U.S.C. §§ 545.10-545.11 (2005),[1] has threatened her with discipline if she does not agree to make monthly payments of $195. The motion does not set forth any facts concerning the defendant's financial resources, including any work assignment, and it does not demonstrate that, if she agreed to that payment schedule, she would

---

[1] The Sixth Circuit has described the IFRP as "a work program instituted by the Bureau of Prisons to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.'" Weinberger v. United States, 268F.3d 346, 360 (6th Cir. 2001) (citation omitted). Pursuant to the IFRP,

> [t]he inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff. Payments may be made from institution resources or non-institution (community) resources. In developing an inmate's financial plan, the unit team shall first subtract from the trust fund account the inmate's minimum payment schedule for UNICOR or non-UNICOR work assignments, set forth in paragraphs (b)(1) and (b)(2) of this section. The unit team shall then exclude from its assessment $75.00 a month deposited into the inmate's trust fund account. This $75.00 is excluded to allow the inmate the opportunity to better maintain telephone communication under the Inmate Telephone System (ITS).

28 C.F.R. § 545.11(b). "Ordinarily, the minimum payment for non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter." Id., § 545.11(b)(1). "Inmates assigned grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process. Any allotment which is less than the 50% minimum must be approved by the Unit Manager. Allotments may also exceed the 50% minimum after considering the individual's specific obligations and resources." Id., § 545.11(b)(2). Inmates are penalized for nonparticipation in the IFRP. Id., § 545.11(c).

face unreasonable hardships. She seeks an order deferring the payment of restitution until after her release from prison.

As a preliminary matter, the motion submitted by Neely was not served on the Government, as required by Fed. R. Crim. P. 49(a). Although the motion can be denied for that reason alone, in the interest of judicial economy the Court will briefly address the substance of the motion. The Clerk is ORDERED to provide a copy of the defendant's motion and this order to the United States Attorney for the Western District of Tennessee. The defendant is cautioned that any future motions directed to this Court must contain a certificate of service indicating that a copy has been provided to the Government.

The statute governing fines and restitution orders provides, in pertinent part, as follows:

> (1) A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided for the court, unless the court establishes another schedule.
>
> (2) If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.

18 U.S.C. § 3572(d).

The statutory provisions governing restitution orders, which are set forth in 18 U.S.C. § 3664, are similar. Pursuant to 18 U.S.C. § 3664(f)(3)(A), "[a] restitution order may direct the

defendant to make a single, lump-sum payment, partial payments at specified intervals, or a combination of payments at specified intervals and in-kind payments." Moreover,

> [a] restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Id., § 3664(f)(3)(B). No provision of the statute authorizes the sentencing judge to defer even nominal restitution payments until an offender's release from imprisonment.

Neely did not raise the Court's failure to set a restitution schedule in a motion pursuant to Fed. R. Crim. P. 35 or on direct appeal.[2] She also did not file a motion pursuant to 28 U.S.C. § 2255 that raised a claim that her attorney rendered ineffective assistance by failing to have a restitution schedule included in the judgment and commitment order. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (declining to challenge to BOP's calculation of restitution payments pursuant to the IFRP in a petition pursuant to 28 U.S.C. § 2255). The one-year statute of limitations for filing a § 2255 motion has expired. Accordingly, Neely no longer has any mechanism by which she can challenge the Court's failure to incorporate a payment schedule into the judgment. Likewise, this Court lacks subject-matter jurisdiction over the defendant's motion to the extent she seeks to be relieved

---

[2] Cf. United States v. Davis, 306 F.3d 398 (6th Cir. 2002) (on direct appeal, vacating sentence and remanding to permit district court to set restitution schedule).

of the obligation to participate in the IFRP. <u>United States v. Callan</u>, 96 Fed. Appx. 299 (6th Cir. Apr. 13, 2004), <u>cert. denied</u>, 125 S. Ct. 181 (2004).

For all the foregoing reasons, the defendant's motion is DENIED in its entirety.

As no reasonable jurist could disagree that this Court is without jurisdiction to grant the relief sought by the defendant, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding <u>in forma pauperis</u>, is not taken in good faith.

IT IS SO ORDERED this 30th day of January, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE